**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| TERENCE LANAIR JOHNSON,[1] | ) | |
| #23845-077, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-2049-G |
| | ) | ECF |
| DAN JOSLIN, Warden, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a petition for a writ of habeas corpus brought by a federal prisoner pursuant to 28 U.S.C. § 2241.

Parties:  Petitioner is currently confined at the Federal Correction Institution (FCI) in Seagoville, Texas.  Respondent is the warden at FCI Seagoville.  The Court did not issue process in this case pending preliminary screening.

Statement of Fact:  Following his plea of not guilty, Petitioner was convicted of

---

[1] In search the court clerk's databases, it has come to the Court's attention that Petitioner's first name "Terrence" and middle name "Lanair" have also been spelled as "Terrance" and "Lenair."  Cf. United States v. Terrance Lenair Johnson, 7:92cr0023(02) (N.D. Tex., Wichita Falls Div.); U.S.A. v. Terrence Lenair Johnson, 4:93cr0018 (E.D. Tex., Sherman Div.); Terrance Lenair Johnson v. United States, 7:94cv0069-X (N.D. Tex, Wichita Falls Div.); Terrance Lenair Johnson v. United States, 7:98cv0064-X (N.D. Tex, Wichita Falls Div.).

possession with intent to distribute a controlled substance, and using and carrying a firearm in relation to his drug trafficking offense, in violation of 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 924(c)(1).  United States v. Terrance Lenair Johnson, No. 7:92cr0023(02) (N.D. Tex., Wichita Falls Div.).[2]  On May 27, 1993, the District Court sentenced Petitioner to 188 months imprisonment on Count 1, and 60 months imprisonment on Count 2 to run consecutively.  Id.  Although Petitioner gave timely notice of his intent to appeal, counsel failed to file a written motion.  Thereafter, on August 12, 1994, Petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, seeking an out-of-time appeal, which the district court granted.  See United States v. Terrance Lenair Johnson, No. 7:94cv069-X (N.D. Tex., Wichita Falls Div.).  On June 19, 1996, the Fifth Circuit affirmed Petitioner's conviction and sentence, rejecting his contention that the evidence was insufficient to support his conviction for using and carrying a firearm under Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), which had been decided during the pendency of his direct appeal.  See United States v. Johnson, 87 F.3d 133 (5th Cir. 1996) (per curiam).[3]

On April 21, 1998, Petitioner filed a second motion to vacate under 28 U.S.C. § 2255. See No. 7:98cv064-X.  On June 4, 1998, the District Court transferred the motion in the interest of justice to the Fifth Circuit Court of Appeals for determination as to whether Movant should be permitted to file a second or successive § 2255 motion.  On July 20, 1998, the Fifth Circuit denied Petitioner's motion for authorization to file for want of prosecution.  See No. 98-00256.

---

[2]   As noted on direct appeal, the jury was charged only with respect to the "use" prong.  See United States v. Johnson, 87 F.3d 133, 136 (5th Cir. 1996) (per curiam).

[3]   On direct appeal, the Fifth Circuit proceeded to analyze the evidence in light of the Supreme Court's definition of "use" set out in Bailey.  Johnson, 87 F.3d at 137.

Thereafter, the district court dismissed the § 2255 motion as second or successive.

In the present § 2241 petition, filed on October 17, 2005, Petitioner seeks to raise claims under Bailey as well as United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L. Ed. 2d 621 (2005). Relying on the savings clause of § 2241 and Bailey, he alleges he is actually and factually innocent of using and carrying a firearm during a drug trafficking crime. (Petition at 7-10 and 13-18). He further alleges that his Six Amendment right to have a jury determine beyond a reasonable doubt all facts legally essential to his guilt under the use and carry prong of 18 U.S.C. § 924(c) was violated. (Pet. at 10). With respect to Booker, he alleges that his sentence enhancement under U.S.S.G. § 3C1.1, for obstructing or impeding the administration of justice when he testified at his trial, constituted a structural error. (Pet. at 19-26).[4]

Findings and Conclusions: Although Petitioner denominates his current petition as one for relief under 28 U.S.C. § 2241, the petition clearly seeks to attack the validity of the federal sentence that he is currently serving. A collateral attack on a federal criminal conviction is generally limited to a motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); Cox v. Warden, Fed. Detention Center, 911 F.2d 1111, 1113 (5th Cir. 1990). A § 2241 habeas petition is properly construed as a § 2255 motion if it seeks relief based on errors

---

[4] In Booker, the Supreme Court extended to the Federal Sentencing Guidelines the rule announced in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and reaffirmed in Blakely v. Washington, 542 U.S. 296, 120 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244, 125 S.Ct. at 756. See also Padilla v. United States, 416 F.3d 424, 426 n. 1 (5th Cir. 2005). The Booker Court also excised certain statutory provisions that made the Guidelines mandatory, thereby rendering them advisory only. Booker, 543 U.S. at 245, 125 S. Ct. at 756-57.

that occurred at trial or sentencing.  Tolliver, 211 F.3d at 877-88.  Habeas relief under § 2241 may be appropriate only when the remedy provided under § 2255 is "inadequate or ineffective." – i.e., the so-called "savings clause." Jeffers, 253 F.3d at 830.  "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." Id.[5]

Since Petitioner is incarcerated in the Northern District, this Court has jurisdiction to determine whether his claims are properly brought under § 2241 via the savings clause of § 2255.  Padilla v. United States, 416 F.3d 424, 426 (5th Cir. 2005) (determining that only the custodial court had jurisdiction to determine whether petitioner could properly raise a claim under savings clause of § 2255); Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999).

Petitioner has not provided any valid reason why the § 2255's remedy is either inadequate or ineffective.  The Fifth Circuit has long held that "[a] prior unsuccessful § 2255 motion, or the inability to meet the AEDPA's second or successive requirement, does not make § 2255 inadequate or ineffective." Jeffers, 253 F.3d at 830; see also Toliver, 211 F.3d at 878.

Nor can Petitioner show that his claims fall within the savings clause.  A prisoner seeking to invoke the savings clause of § 2255 must show that he is asserting a claim of actual innocence

> (i) that is based on a retroactively applicable Supreme Court decision which

---

[5] The savings clause of § 2255 states as follows:
An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention*.
(Emphasis added).

4

>establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion.

Padilla, 416 F.3d at 426 (quoting Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001)). The first prong of the Reyes-Requena's savings-clause test requires that a retroactively applicable Supreme Court decision establish that the petitioner is "actually innocent." See Reyes-Requena, 243 F.3d at 903-04. In explaining the requirement, the Fifth Circuit stated that "the core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." Id. at 903.

Petitioner cannot utilize the savings clause to raise either Bailey or Booker claims. He cannot show that his Bailey claim was foreclosed by circuit law when he filed his direct appeal. To the contrary, Petitioner's Bailey claim was raised and rejected on direct appeal. See United States v. Johnson, 87 F.3d 133, 137-138 (5th Cir. 1996). This determination which expressly rejected his sufficiency of the evidence ground in light of the Bailey decision forecloses any basis to argue that he was convicted of a non-existent offense. Further, he may not relitigate his Bailey claim in this habeas corpus petition because it was raised and rejected on direct appeal. See United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986); see also United States v. Rocha, 109 F.3d 225, 229 (5th Cir. 1997).

With respect to his Booker claim, Petitioner has not alleged, let alone shown, that he is actually innocent of the crime of conviction. His Booker argument is premised on being "innocent" of a sentence enhancement. Such a claim is not the type of actual innocence claim contemplated by the savings clause. Padilla, 416 F.3d at 425-26 (holding claim challenging only the validity of a sentence under Blakely and Booker did not fall within the savings clause of §

5

2255).  Moreover, the Supreme Court has not made its decision in Booker retroactively applicable to cases on collateral review.  Padilla, 416 F.3d at 426.[6]

Accordingly, Petitioner is not entitled to invoke the savings clause of § 2255, and his § 2241 petition should be dismissed for lack of jurisdiction.  See Christopher, 342 F.3d at 385 (dismissing for lack of jurisdiction claim which failed to satisfy § 2255 savings clause).

Even if the § 2241 petition were liberally construed as a motion filed pursuant to 28 U.S.C. § 2255, this Court would be without jurisdiction to consider the same since a § 2255 motion must be filed in the federal court in which the habeas petitioner was convicted and sentenced -- in this case the Wichita Falls Division of the Northern District of Texas.  Escamilla v. Warden USP Beaumont, 31 F.Appx. 155 (5th Cir. 2001); Ojo v. Immigration and Naturalization Service, 106 F.3d 680, 683 (5th Cir. 1997); United States v. Weathersby, 958 F.2d 65, 66 (5th Cir. 1992).  Further, Petitioner has filed two previous § 2255 motions and has not obtained prior authorization from the Fifth Circuit Court of Appeals to file a successive motion under § 2255.  See United States v. Key, 205 F.3d 773, 774-75 (5th Cir. 2000); and 28 U.S.C. § 2255.

RECOMMENDATION:

For the foregoing reasons it is recommended that the habeas corpus petition pursuant to 28 U.S.C. § 2241 be dismissed for lack of jurisdiction.

It is further recommended that the § 2241 petition, construed as a motion under 28 U.S.C.

---

[6] The Fifth Circuit has held in the context of a first motion as well as a second or successive motion under § 2255 that the United States Supreme Court did not make Booker retroactively applicable to cases on collateral review.  See United States v. Gentry, 432 F.3d 600, (5th Cir. 2005) (first § 2255 motion); In re Elwood, 408 F.3d 211, 212-13 (5th Cir. 2005) (per curiam) (second or successive § 2255 motion).

§ 2255, be dismissed for lack of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §§ 2244(b)(3)(A) and 2255.

A copy of this recommendation will be mailed to Petitioner.

Signed this 20th day of March, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.